**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD ELMILLIGY<br><br>*Plaintiff,*<br><br>v.<br><br>CVS PHARMACY, INC et al.<br><br>*Defendants.* | Civil Action No. 25-13497<br><br>**AMENDED OPINION AND ORDER**<br><br>November 24, 2025 |

**SEMPER**, District Judge.

      **THIS MATTER** comes before the Court on *pro se* Plaintiff Mahmoud Elmilligy's Complaint and application to proceed *in forma pauperis* ("Application"). (ECF 1, 5.) Plaintiff also submitted additional written responses supplementing that application ("Written Responses")[1]. (ECF 7.) This Court has reviewed the Complaint *sua sponte* for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 8(a); and

      **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he or she is "unable to pay such fees," 28 U.S.C. § 1915(a)(1), but the court must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id*. § (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). This Court, having reviewed Plaintiff's

---

[1] Plaintiff also filed a Motion to Compel Ruling on Pending IFP. (ECF 17.) In light of this Opinion, that Motion is moot.

Application and Written Responses, finds leave to proceed *in forma pauperis* is warranted, and the Application is **GRANTED**; and

**WHEREAS** a district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Diversity jurisdiction exists when there is a dispute between citizens of different states alleging an amount in controversy in excess of $75,000.  *See* 28 U.S.C. § 1332.  Federal question jurisdiction exists when a dispute "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; and

**WHEREAS** the standard for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) is the same standard applied under Federal Rule of Civil Procedure 12(b)(6).  *See Shorter*, 12 F.4th at 371.  *Pro se* complaints are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation marks omitted); *see also* Fed. R. Civ. P. 8(e).  However, a *pro se* complaint must still comply with Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief;" Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and citation omitted).  Factual allegations "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  While the Court must accept factual allegations in the complaint as true, legal conclusions are not entitled to the same presumption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted); and

**WHEREAS** Plaintiff alleges that Defendants violated his civil rights under 42 U.S.C. § 1983 ("Section 1983"), breached their duty of care owed to him by withholding his medication, and violated the Health Insurance Portability and Accountability Act ("HIPPA"). (ECF 1 ¶¶ 16-18.)  While Plaintiff's first cause of action alleges a violation of his civil rights pursuant to Section 1983, such claims must be brought against a state actor or a private party acting under the color of state law.  *See Nat'l Collegiate Ath. Ass'n v. Tarkanian*, 488 U.S. 179, 191-192 (1988) (explaining that actions under Section 1983 do not extend to private conduct, unless it can be shown that the state was "sufficiently involved" so as to treat the conduct as a state action.)  Plaintiff does not allege any wrongdoing by a state actor, nor does he offer factual allegations suggesting that any Defendant acted under the color of state law.  (*See* ECF 1 ¶¶ 8-15.)  Moreover, Plaintiff's third claim, a violation of HIPPA, does not provide a private right of action.  *See In re U.S. Vision Data Breach Litig.*, No. 22-06558, 2025 WL 615366, at *9  (D.N.J. Feb. 26, 2025) ("Courts have held that HIPAA does not provide a private right of action to remedy HIPAA violations.") (citing *Polanco v. Omnicell, Inc*., 988 F. Supp. 2d 451, 468–69 (D.N.J. 2013)).  Accordingly, the Court must dismiss Plaintiff's first and third causes of action for failure to state a claim upon which relief can be granted; and

**WHEREAS** Plaintiff's remaining cause of action alleges negligence by Defendant CVS for breaching its duty of care, which is a state-law tort claim that does not arise under the Constitution or federal law.[2]  Therefore, no federal question jurisdiction exists.  Because the Complaint does not allege or request any amount of damages (*see* ECF 1 at 3), there is no diversity

---

[2] *See Fernandes v. DAR Dev. Corp., Inc.*, 222 N.J. 390, 403-404 (2015) (outlining the elements of negligence as (1) owing a duty of care, (2) breach of that duty, (3) causation, and (4) resulting damages); *see also Nicholas v. Mynster,* 213 N.J. 463, 478 (the elements of medical malpractice require "(1) the applicable standard of care; (2) deviation from that standard of care; and (3) that the deviation proximately caused the injury.")

jurisdiction pursuant to 28 U.S.C. § 1332. Thus, the Court has no basis for exercising subject matter jurisdiction, and the Complaint is dismissed without prejudice.

**IT IS** on this 24th day of November 2025,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 7) is hereby **GRANTED** and Plaintiff's Motion to Compel (ECF 17) is **DENIED** as **MOOT**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF 1) is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:    Clerk
cc:      Jessica S. Allen, U.S.M.J.
        Parties